IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GUADALUPE ROMAN,

        Plaintiff,

vs.                                                                         No. CIV 05-0511 WDS

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on November 29, 2005. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income. The Court, having considered Plaintiff's Motion [document #13] and Memorandum Brief [document #14], Defendant's Response [document #15], Plaintiff's Reply [document #16], the administrative record and applicable law, finds that Plaintiff's Motion should be **GRANTED,** and this matter shall be remanded to the Commissioner of Social Security for further proceedings in accordance with this Memorandum Opinion and Order.

### I.  Background

Plaintiff, who was born on February 24, 1975, worked in Wal-Mart as a greeter, as a cashier, and in the meat department. Tr. 80. Before working at Wal-Mart she had worked as a teacher and waitress. Tr. 80, 145. Plaintiff filed her initial application for disability insurance benefits ("DIB") and for supplemental security income ("SSI") on July 9, 2002. Tr. 41. Plaintiff alleged that she became unable to work as a result of her disabling conditions on February 1, 1992. Tr. 41. After Plaintiff's

application was denied at the initial level, Tr. 28, and at the reconsideration level, Tr. 33, Plaintiff appealed by filing a request for hearing by an administrative law judge ("ALJ") on June 11, 2003. Tr. 37.

The hearing before the ALJ was held on July 6, 2004, at which Plaintiff appeared and was represented by an attorney. Tr. 293-318. Plaintiff alleged that she was disabled as a result of diabetes mellitus, diabetic retinopathy, diabetic neuropathy, and possible breast cancer. Tr. 15. In a decision dated December 6, 2004, the ALJ denied Plaintiff's claims for DIB and SSI. Tr. 14-19. Plaintiff then filed a request for review with the Appeals Council on January 30, 2005. Tr. 10. The Appeals Council denied Plaintiff's request for review on April 13, 2005, Tr. 6-8, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On May 6, 2005, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties [document #7 and #8] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to

determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.* The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is

entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had engaged in substantial gainful activity in 2001 and 2002 while working at Wal-Mart. Tr. 15. However, the ALJ noted that he would give Plaintiff the benefit of the doubt and continue with the five-step analysis. The ALJ found at step two that Plaintiff has severe impairments of diabetic neuropathy and diabetes mellitus. Tr. 16. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet any of the Listings. Tr. 16. At step four, the ALJ concluded that Plaintiff retained the RFC to perform a range of light work, and that she could perform her past relevant work as a greeter at Wal-Mart. Tr. 18. Given the ALJ's step four finding, it was unnecessary for him to proceed to step five. Plaintiff contends that there is not substantial evidence to support the ALJ's conclusion that Plaintiff could return to her past relevant work, and that the ALJ did not include the limitations from Plaintiff's nonexertional impairments of diarrhea and leg pain in his RFC assessment..

### IV.  Discussion

Plaintiff's primary argument in favor of reversal is that the ALJ's "relevant work finding contains several errors." Plaintiff focuses on the ALJ's Step Four analysis, which Plaintiff contends is not supported by substantial evidence. Additionally, Plaintiff contends that the ALJ did not include the limitations from Ms. Roman's nonexertional impairments of diarrhea and leg pain in his RFC assessment.

The Court will address the issue of Plaintiff's chronic diarrhea first. The administrative record

contains fairly voluminous medical records concerning this condition. The Court can discern no particular medical consensus as to the cause of Plaintiff's diarrhea. Certain doctors opined that it results from her diabetic condition. Tr. 215. Plaintiff, however, has also been diagnosed with celiac disease[1], Tr. 201, and there was a suggestion of colitis[2]. Tr. 235. The ALJ's decision, however, contains no discussion of Plaintiff's condition at all, either at step four, or at steps two and three. The Court does not have the medical expertise to assume that celiac disease or colitis would qualify as "severe" impairments at step two. However, it does expect that the ALJ would address Plaintiff's intestinal disorder and explain his reasoning for finding that the condition was a severe or non-severe impairment, or for concluding that it was improper to address Plaintiff's diarrhea as a separate impairment. Instead, the ALJ's decision is silent on the issue of Plaintiff's intestinal disorder, and there simply is no record for the Court to review.

The ALJ is responsible in every case "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised," *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir.1993); 20 C.F.R. S 404.944 (requiring the ALJ to "look[ ] fully into the issues"). In this instance it is clear that Plaintiff's problem with diarrhea was an issue, and the problem should have been addressed as part of the sequential analysis. The Commissioner argues that a specific analysis of this issue was unnecessary, as it was a matter of record that Plaintiff continued to work at Wal-Mart despite the condition. This argument, taken to

---

[1]Celiac disease is an autoimmune disorder of the small bowel that occurs in genetically predisposed individuals in all age groups after early infancy. Symptoms may include diarrhea, failure to thrive (in children) and fatigue, but these may be absent and associated symptoms in all other organ systems have been described. *Wikipedia.org*

[2]Colitis is a digestive disease characterized by inflammation of the colon. *Wikipedia.org*

its logical conclusion, would mean that a specific analysis of Plaintiff's diabetes was also unnecessary, since she continued to work at Wal-Mart. The applicable regulations and case law make it clear, however, the ALJ must explain the reasoning for his conclusions, and the ALJ's conclusions must be evaluated based solely on the reasons stated in the opinion. *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) The opinion contained no mention of Plaintiff's diarrhea, and contained no specific analysis of how the condition, either alone or in combination with Plaintiff's two other severe impairments, had an impact on her ability to perform basic work activities. This analysis is required by SSR 02-01p, and the lack of analysis justifies remand for a determination whether Plaintiff's diarrhea (whether caused by diabetes, celiac disease, or colitis) is a severe impairment at step two, and for additional analysis in subsequent steps consistent with the step two findings and applicable regulations.

The Court also notes Plaintiff's objections to the summary nature of the ALJ's determination that Plaintiff was engaged in substantial gainful activity in 2001 and 2002. Tr. 15. As noted earlier, the ALJ did not base his denial of benefits on this conclusion. To the contrary, the ALJ's second formal finding (Tr. 18) was that Plaintiff had *not* engaged in substantial gainful activity since the alleged onset of disability. Accordingly, the Court considers the issue moot, but notes that a more detailed analysis would be necessary to support a denial of benefits based on Plaintiff's purported substantial gainful activity.

Finally the Court will address the issue of Dr. Goodluck's February 27, 2004 statement that the Plaintiff could go back to work. Tr. 260. The administrative record indicates that Plaintiff presented to the Urgent Care Center of Presbyterian Medical Group on February 13, 2004 with a complaint of pain in her right ribs after lifting a case of soft drinks at work. Tr 261. Plaintiff's visit

to Dr. Goodluck on February 27, 2004 appears to be, primarily, a follow up to her rib injury of two weeks earlier. The treatment note refers to "chest pain resolved" and "chest wall pain, improving." Dr. Goodluck reported that Plaintiff's "right lower anterior ribs [were] not as painful as when first examined." Tr. 260. The only reference to diabetes is that the patient would "follow-up with Dr. Galagan." The Court agrees substantively with Plaintiff that Dr. Goodluck's focus in this note was on her rib injury and its effect on her ability to work, rather than on her diabetes. This one treatment note is not an endorsement of Plaintiff's ability to work, on her feet, for up to six hours a day, or an endorsement of the advisability of Plaintiff doing so.

The ALJ also noted that Plaintiff's treating physicians had not otherwise offered an assessment that the Plaintiff was unable to sustain work. Tr. 17. While this may be true, it appears to the Court that such assessments should have been obtained, either from treating physicians or from state agency consultants, in order to fully develop the record and to assist the ALJ in determining Plaintiff's RFC. In view of the Court's decision to remand this matter for further proceedings starting with a step two analysis of Plaintiff's intestinal disorder, a new RFC assessment will be necessary. The Court will not presumptively order the Commissioner to obtain medical RFC assessments, but does expect that the Commissioner will comply with applicable regulations and case law in terms of fully developing the medical record, both as regards Plaintiff's intestinal disorder and her capacity, as a diabetic, to perform a light range of work.

### V.  Conclusion and Summary

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [document #13] is **GRANTED,** and this matter shall be remanded to the Commissioner of Social Security for further proceedings in accordance with this Memorandum

Opinion and Order.

                                                                               _____
                                                            **W. DANIEL SCHNEIDER**
                                                            **UNITED STATES MAGISTRATE JUDGE**